UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO.  3:18CV-855-JHM

**LARRY WOODS**                                                                                       **PLAINTIFF**

**VS.**

**TARGET CORPORATION**                                                                 **DEFENDANT**

## SCHEDULING ORDER

A scheduling conference was conducted in this action on February 28, 2019, with the undersigned presiding.  Kevin M. Monsour participated on behalf of the plaintiff. Terri Borroughs participated on behalf of the defendant.  The Court has reviewed the joint report submitted by the parties of their proposed litigation plan, has considered the statements by counsel during the conference, and pursuant to Fed. R. Civ. P. 16, does **HEREBY ORDER AND ADJUDGE AS FOLLOWS:**

(1)    Initial disclosures required of Fed. R. Civ. P. 26(a)(1) shall be completed **no later than March 29, 2019**.  The parties are under a continuing duty to supplement their disclosures and responses as required by Rule 26(e) whenever necessary during the entire course of this litigation.  Supplementations shall be made within thirty days of first learning of the need to supplement, but **no later than December 3, 2019**.

**(2)    The parties are hereby informed that no witness not previously disclosed as one likely to have discoverable information under Fed. R. Civ. P.**

**26(a)(1)(A)(i), and no exhibit which has not been provided under Fed. R. Civ. P. 26(a)(1)(A)(ii), shall be allowed on the final witness and exhibit list, unless the failure was substantially justified or is harmless.** The Court will order the filing of final witness and exhibit lists when this case is set for trial.

(3) **No later than August 30, 2019**, counsel for the Plaintiff shall disclose the identity of any person who may be used at trial to provide expert testimony under Fed. R. Civ. P. 26(a)(2)(A) and shall submit written reports from any expert witnesses who are retained or specially employed as required by Fed. R. Civ. P. 26(a)(2)(B).

(4) **No later than October 30, 2019**, counsel for the Defendant shall disclose the identity of any person who may be used at trial to provide expert testimony under Fed. R. Civ. P. 26(a)(2)(A) and shall submit written reports from any expert witnesses who are retained or specially employed as required by Fed. R. Civ. P. 26(a)(2)(B).

(5) **No later than August 20, 2019**, the parties shall file all motions to join additional parties and motions to amend the pleadings.

(6) **No later than January 3, 2020,** the parties shall complete all pretrial discovery of any kind, including discovery depositions of all expert witnesses. All written discovery requests shall be submitted to the opposing parties so that the due date is in advance of the discovery deadline. The limitations placed on discovery by the parties as set out in their joint report are hereby adopted by the Court. **Motions pertaining to unresolved discovery and scheduling disputes may not be filed without first having a joint telephonic conference with the Magistrate Judge arranged**

through his case manager, Theresa Burch (theresa_burch@kywd.uscourts.gov). Any agreed amendments to the Scheduling Order shall be submitted to the Court in the form of an agreed order. **ALL MOTIONS PERTAINING TO DISCOVERY SHALL BE FILED NO LATER THAN FIFTEEN (15) DAYS AFTER THE CLOSE OF ALL DISCOVERY.**

**Non-waiver of attorney-client privilege or work-product protection.** Pursuant to Fed. R. Evid. 502(d), neither the attorney-client privilege nor work-product protection are waived by disclosure connected with this litigation. Further, the disclosure in this action shall not operate as a waiver in any other federal or state proceeding. As defined in Fed. R. Evid. 502(g), "attorney-client privilege" means the protection that applicable law provides for confidential attorney-client communications; and "work-product protection" means the protection that applicable law provides for tangible material (or its intangible equivalent) prepared in anticipation of litigation or for trial.

Unless otherwise agreed to by counsel, the use of all deposition testimony shall be governed by Fed. R. Civ. P. 32, and all depositions taken for trial purposes only shall be completed not later than 60 days prior to trial.

(7)     **No later than March 1, 2020**, counsel for the parties shall file all dispositive motions. This same date is the filing deadline for motions related to the admissibility of expert testimony pursuant to Federal Rule of Evidence 702 (<u>Daubert</u> motions).

(8) The Court will conduct a telephonic status conference thirty (30) days prior to the close of discovery. **Counsel shall jointly contact case manager Theresa Burch no later than forty-five (45) days prior to the discovery deadline to schedule the conference**.

(9) Counsel shall jointly contact Ms. Burch via email **no later than March 29, 2019** to schedule a settlement conference.

ENTERED this 7th day of March 2019

> **ENTERED BY ORDER OF COURT:**
> **COLIN H. LINDSAY**
> **UNITED STATES MAGISTRATE JUDGE**
> **VANESSA L. ARMSTRONG, CLERK**
> By:  /s/ *Theresa L. Burch* – **Deputy Clerk**

Copies to: Counsel of Record

:20