UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
**ELECTRONICALLY FILED**

| | |
|---|---|
| LARRY WOODS | ) |
| *Plaintiff* | ) |
| vs. | ) CIVIL ACTION NO. 3:18-cv-00855-DJH-CHL |
| TARGET CORPORATION | ) |
| *Defendant* | ) |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Comes the Defendant, Target Corporation ("Target"), by counsel, in accordance with Federal Rule of Civil Procedure ("Rule") 56, and for its Motion for Summary Judgment, states as follows:

**MOTION**

Target respectfully requests the Court enter summary judgment in its favor, as there is no genuine issue of material fact with respect to necessary elements of Plaintiff's claim for negligence.[1] Specifically, there is no genuine issue of material fact regarding whether Target owed a duty to Plaintiff, since there is no evidence that Plaintiff was present on Target's premises when he claims his incident occurred or that he encountered a "dangerous condition" on the premises. Additionally, even if Plaintiff was on the premises, there is no genuine issue of material fact with respect to the premises being maintained in a reasonably safe condition. Therefore, as "there [is no] evidence on which a reasonable jury could return a verdict for the non-moving party," summary judgment is warranted.[2]

---

[1] Fed. R. Civ. P. 56.
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## MEMORANDUM

### A.  BACKGROUND

Plaintiff initiated this negligence action in state court on November 27, 2018. Target then timely removed the matter to this Court on December 28, 2018 based upon the parties' diversity of citizenship. Since that time the parties have exchanged written discovery and depositions have been taken. Discovery is now completed, and it has shown that this matter should not proceed to trial since "there [is no] evidence on which a reasonable jury could return a verdict for the [Plaintiff]."[3]

Plaintiff claims that on November 27, 2017 he was on the premises of Target's store located at 3600 Mall Road in Louisville when he slipped on a "small white 'dessicate' packet" that was on the floor.[4] (A dessicate packet is a small, teabag-shaped item put into boxes to absorb moisture.) Plaintiff did not fall, but instead continued to leave the store without reporting this alleged slip to any Target employee.[5] Plaintiff testified that he spoke with a male clerk immediately after the slip occurred. However, Plaintiff did not recall the clerk's name, clothing or any identifying features.[6] There is no documentation supporting that a Target employee interacted with Plaintiff on the date of the incident and neither party has been able to identify this alleged clerk.

Plaintiff testified that he called the store to report the incident that evening. However, there is no evidence that Target was notified of Plaintiff's alleged slip until November 30, 2017 (three days later) when Plaintiff came to the store and reported the alleged incident.[7]

---

[3] Id.
[4] Pl.'s Compl. at ¶5, 9.
[5] Pl. Dep. 96:8-25, 97:1-22:, Nov. 13, 2019. Plaintiff's deposition is attached here as **Exhibit 1**.
[6] Id. at 63:11-25, 64:1-23.
[7] Target Ans. to Interrog. No. 2. Cited portions of Target's responses to Plaintiff's discovery requests are attached here as **Exhibit 2**.

At that time Plaintiff spoke with Target employee Jonathan Davis about his alleged slip, and Mr. Davis made an incident report from the information Plaintiff provided.[8] Mr. Davis also conducted an investigation which showed that no employees heard the incident, witnessed the incident, or responded to the incident when it allegedly occurred.[9] Additionally it was determined that there was no store video footage which showed Plaintiff's alleged slip.[10]

Since this suit began, Plaintiff has also admitted that he does not know how the "small white 'dessicate' packet" got on the floor, or how long it was there before he allegedly encountered it.[11] Additionally, Plaintiff has admitted that he does not know if Target knew about the packet before he allegedly encountered it.[12] And, most importantly, Plaintiff has offered no specific criticisms of Target besides that the packet was allegedly on the floor.[13] In other words, Plaintiff has not identified anything Target should have done that it did not do to prevent the packet from allegedly being on the floor. On the other hand, Target has established that every section of the store is patrolled at least every thirty minutes, and that all employees are constantly on the lookout for debris or other substances on the floor and immediately clean up anything that is found.[14]

As will be detailed below, from this evidence there is no genuine dispute with respect to Target's duty to Plaintiff or Target's reasonableness in maintaining its premises. Consequently, "there [is no] evidence on which a reasonable jury could return a verdict for the non-moving party," summary judgment is warranted.[15]

---

[8] Jonathan Davis Dep. 8:17 – 20, March 11, 2020; Guest Incident Report at p. 1, Nov. 30, 2017. Cited portions of Mr. Davis' deposition are attached here as **Exhibit 3**. The Guest Incident Report is attached here as **Exhibit 4**.
[9] **Ex. 3**, Davis Dep. 9:8 – 25; **Ex. 4**, Guest Incident Report at p. 2.
[10] **Ex. 2**, Target Resp. to Req. for Prod. No. 12; **Ex. 3**, Davis Dep. 17:7 – 14.
[11] **Ex. 1**, Pl. Dep. 73:7 – 11.
[12] **Ex. 1**, Id. at 93:15 – 17.
[13] **Ex. 1**, Id. at 142:19 – 22.
[14] Khadidiatou ("Hadija") Ndoye Dep. 9:25 – 10:19; 11:24 – 12:3; 15:24 – 16:12, Nov. 22, 2019; **Ex. 3**, Davis Dep. 15:5 – 25. Johnathon Davis Dep. 8:12-25, 9:1-2, Feb. 24, 2021. Cited portions of Hadija Ndoye's deposition are attached here as **Exhibit 5**. Cited portions of J. Davis Dep. Attached here as **Exhibit 10.**
[15] Anderson, 477 U.S. at 248.

## B. ARGUMENT

### *1. Summary Judgment Standard*

"The Federal Rules of Civil Procedure are the rules of practice which apply to civil actions in the federal courts, regardless of whether jurisdiction is based on federal question or diversity of citizenship."[16] Therefore, "[w]hen there is a motion for summary judgment in a diversity case, the provisions of Rule 56 control its determination."[17]

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[18] While the court must view the evidence in the light most favorable to the non-moving party, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; **there must be evidence on which a reasonable jury could return a verdict for the non-moving party**."[19] In this way it is this Court's responsibility to determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[20] As will be shown below, there is "no genuine dispute" regarding more than one necessary element of Plaintiff's negligence claim, and therefore summary judgment should be granted in favor of Target.

### *2. Plaintiff cannot establish that he was a business invitee.*

In his Complaint, Plaintiff claims that he was an invitee on Target's premises on November 27, 2017. However, from the evidence developed in discovery, no reasonable jury could find that to be the case.

---

[16] Reid v. Sears, Roebuck and Co., 790 F.2d 453, 459 (6th. Cir. 1986).
[17] Id.
[18] Fed. R. Civ. P. 56(a).
[19] Anderson, 477 U.S. at 248 (emphasis added) .
[20] Id. at 251 – 52.

While federal procedural law applies in this diversity action, the substantive law of Kentucky applies to the underlying claim.[21] Kentucky recognizes a three-prong test to establish that a person is an invitee on a given premises:

(1) he enters by invitation, express or implied;
(2) his entry is connected with the owner's business or with an activity the owner conducts or permits to be conducted on his land; and
(3) there is mutuality of benefit or benefit to the owner.[22]

Here Plaintiff's proof fails on the very first element – as there is no "genuine dispute" as to if Plaintiff even entered onto Target's premises on November 27, 2017.

During his deposition Plaintiff was asked several questions regarding the existence of any evidence to support his bare claim that he was on Target's premises on November 27, 2017.

Q: Did you purchase anything that day with the store?
A: No. Once they were out of my item, I left the store sir.
Q: Is there anything that you have to show that you were actually there that day on November 27 of '17?
A: Only – only if the cameras worked sir.
Q: Text messages to somebody that might show that –
A: No sir.
Q: – you were there? Nobody was with you?
A: No sir. [23]

In addition to Plaintiff's lack of evidence demonstrated here, Target has produced evidence to show that his only suggestion of evidence – camera footage – does not support Plaintiff's position. Specifically, Collin Davis testified on behalf of Target regarding its policies and procedures for video retention. He testified that once Target is notified of a guest incident its policy is to review the surveillance video footage of the area when and where the incident occurred.[24] A review of the

---

[21] *See* Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).
[22] Johnson v. Lone Star Steakhouse & Saloon of Kentucky, Inc., 997 S.W.2d 490, 491 – 92 (Ky. App. 1999) (*quoting* Black's Law Dictionary, 827 (6th ed. 1990)) (internal quotes omitted).
[23] **Ex. 1**, Pl. Dep. 100:7 – 19.
[24] Collin Davis Dep. 13:3-7, 17:19-24, April 21, 2021. Cited portions of Mr. Davis' deposition are attached here as **Exhibit 8**.

5

electronic incident report reveals that Target complied with its policies and procedures regarding Plaintiff's reported incident. Specifically, the Report provides that Johnathon Smith (former Executive Team Lead-Assets Protection) reviewed Target's video footage and determined that there was not a camera placed in the area where Plaintiff said the incident occurred during the timeframe it occurred, and thus, there was no footage of the incident.[25] As discussed above, Plaintiff delayed reporting the alleged incident until three days after it occurred, and Target's policy is to look at the camera footage of the area where the alleged incident occurred during the time it happened.

Indeed, Target has affirmed through its responses to Plaintiff's requests for production of documents and the sworn deposition testimony of Jonathan Davis that it has no camera footage which "depict the scene as it was at the time of the allegations in Plaintiff's Complaint, which depict the alleged event itself, or which depict Plaintiff," as there was no video captured for the area of the store in which this incident allegedly occurred.[26] In this way there is **no evidence** to support Plaintiff's bare, self-serving statement that he was on the premises on November 27, 2017.

Assuming, *arguendo*, that the Plaintiff relies on Collin Davis' testimony regarding the video surveillance footage of the entrance/exit doors to support an argument that Target should have reviewed that footage to determine whether Plaintiff was actually in the store on the date of the incident, it is worth noting that Target's policies and procedures are to review only the video footage of the area where an alleged incident occurred during the reported timeframe of the incident. Target does not review video footage merely to determine who comes in and goes out of its store.

On the other hand, Target's evidence supports its position that Plaintiff did not enter onto its premises that day. When Mr. Woods came to the store on November 30, 2017 and reported his alleged incident from November 27, an investigation was done which revealed that no employees heard the

---

[25] Electronic Incident Report, at p. 2. Cited portions of the Electronic Incident Report are attached here as **Exhibit 9**.
[26] **Ex. 2**, Target Resp. to Req. for Prod. No. 12; **Ex. 3**, Davis Dep. 17:7 – 14.

incident, witnessed the incident, or responded to the incident when it allegedly occurred.[27] Additionally, as detailed above, Target has determined that there was no store video footage of Plaintiff's alleged slip because it allegedly happened in an area that did not have a camera watching.[28] In other words – not one of the possible ways for Target to verify Plaintiff's claim that he was at the store on November 27, 2017 provided any support for his position.

Here Plaintiff only has a "mere… scintilla of evidence" to support his claim that he was on the premises on November 27, 2017 – his own self-serving statement. All other objective evidence – proof of purchase, text messages, witnesses, and even the store's incident investigation and video footage review – provide no support for this bare claim. In this way, the question of whether Plaintiff was an invitee, such as to impose a duty of care upon Target, "is so one-sided that [Target] must prevail as a matter of law" and summary judgment should be granted.[29]

### 3. *Plaintiff cannot establish that he had an encounter with a dangerous condition.*

Assuming, *arguendo*, that the Court believes that Plaintiff's own self-serving statement is sufficient to create a genuine dispute regarding if Plaintiff was even on the premises at all, Target also argues that there is no genuine dispute regarding if Plaintiff had an encounter with a dangerous condition while he was allegedly on the premises.

Under Kentucky law, Plaintiff also bears the burden to establish a prima facie case of premises liability, including that:

(1) he [] had an encounter with a foreign substance or other dangerous condition on the business premises;
(2) the encounter was a substantial factor in causing the accident and the customer's injuries; and
(3) by reason of the presence of the substance or condition, the business premises were not in a reasonably safe condition for the use of business invitees.[30]

---

[27] **Ex. 4**, Guest Incident Report at p. 2; **Ex. 3**, Davis Dep. 9:8 – 25
[28] **Ex. 2**, Target Resp. to Req. for Prod. No. 12.
[29] Anderson, 477 U.S. at 251 – 52.
[30] Martin v. Mekanhart Corp., 113 S.W.3d 95, 98 (Ky. 2003).

Again here, Plaintiff's proof fails on the first element. Just as Plaintiff cannot establish that he was on the premises on November 27, 2017, he cannot establish that he encountered any "foreign substance or other dangerous condition on the business premises."

This Court previously analyzed the first prong of this test in another matter involving Target, styled <u>Vaughn v. Target Corp.</u>[31] In <u>Vaughn</u>, the plaintiff claimed that she stepped on a "small, dark, sticky substance" on the floor of a Target store which caused her to fall.[32] Her only evidence to support this claim included her sworn testimony and a shoe that she represented was the shoe she was wearing at the time of the incident which had a dark substance on the sole.[33] In contrast Target presented the testimony of the employee who responded to the plaintiff's incident at the time it occurred, and who had walked through the exact area six seconds before the plaintiff fell. That employee testified that he got down on his hands and knees and did not feel or see any substance on the floor after the plaintiff reported the incident.[34] The <u>Vaughn</u> Court explained "Vaughn does not have overwhelming evidence, or even very convincing evidence, of a substance that caused her to fall," but held that her testimony combined with the shoe itself were enough evidence to allow Vaughn to "crawl over" the "low bar" of summary judgment.[35]

Importantly, Plaintiff here has even less evidence to support his claim than the plaintiff had to support her claim in <u>Vaughn</u>. While Vaughn had her own testimony, a shoe, and a contemporaneous report of her fall with which to overcome summary judgment, Plaintiff here only has his own self-serving allegations. Plaintiff's bare assertions cannot overcome the overwhelming evidence which stands in opposition to his theory – including Target's investigation which found that no one heard,

---

[31] 2014 WL 4999194 (W.D.K.Y. Oct. 7, 2014). A copy of this opinion is attached as **Exhibit 6**.
[32] <u>Id</u>. at 1.
[33] <u>Id</u>.
[34] <u>Id</u>.
[35] <u>Id</u>. at 3.

8

saw, or responded to the alleged incident, and that there was no video footage of the same; Plaintiff's failure to make a contemporaneous report of the alleged incident; and the complete absence of any evidence besides Plaintiff's own statement that he was even at the store on November 27, 2017 in the first place (no proof of purchase, no text messages, no one with him at the time). Vaughn's limited evidence, which served to somewhat corroborate her own statements, allowed her to "crawl over" the low bar of summary judgment. However, Plaintiff cannot do the same here when he lacks any evidence to support his self-serving testimony.

Plaintiff's "scintilla of evidence" would not allow a reasonable jury to return a verdict in his favor, and summary judgment is warranted.[36]

### 4. *Plaintiff cannot establish that Target failed to maintain the premises in a reasonably safe condition.*

Should the Court believe that the Plaintiff has sufficient evidence to overcome summary judgment on the questions addressed above, Target alternatively argues that there is no "genuine dispute" regarding whether Target maintained the premises in a reasonably safe condition.

Under Kentucky law, "possessors [of land] are not required to ensure the safety of individuals invited onto their land; but possessors of land are required to maintain the premises in a reasonably safe condition."[37] Put another way "if a landowner has done everything that is reasonable under the circumstances, he has committed no breach, and cannot be liable to the plaintiff."[38] Furthermore, "reasonable care does not require the hazard to be fully remedied."[39]

In Webb, the plaintiff slipped and fell at the entrance to a Dick's Sporting Goods store when floor mats placed there were soaked with water, had been moved out of place, and water was also

---

[36] Anderson, 477 U.S. at 248.
[37] Dick's Sporting Goods, Inc. v. Webb, 413 S.W.3d 891, 897 (Ky. 2013).
[38] Carter v. Bullitt Host, LLC, 471 S.W.3d 288, 289 (Ky. 2015).
[39] Webb, 413 S.W.3d at 899.

standing on the tile floor that was exposed by the mats being displaced.[40] In analyzing whether or not Dick's had maintained the premises in a reasonably safe condition, the Court looked to the plaintiff's own testimony for information on what steps the store could have taken, but did not take, to warn of the condition or make it safe.[41] There the plaintiff had in fact provided specific criticisms regarding how she believed Dick's had not met its duty to maintain a reasonably safe condition on the premises. From that analysis the court determined that there was sufficient evidence on the question to overcome summary judgment.

In contrast, in the case at bar Plaintiff has presented absolutely no specific criticisms regarding how Target maintained its premises. When asked in discovery to explain why Plaintiff believes that Target did not maintain the premises in a reasonably safe condition, Plaintiff merely stated "I slipped on a white packet that blended with the floor tiles."[42] He provided absolutely no statement regarding what he believes Target did or did not do for that alleged condition to be present. Similarly, at his deposition Plaintiff only provided the following:

> Q: If I understand you correctly, your criticism of Target is that this white pillow was on the floor and you slipped on it. It's as simple as that?
> A: Yes sir.[43]

Plaintiff did not, and has not, articulated any action that Target did not take that it should have taken to prevent the packet from allegedly being on the floor on November 27, 2017.

Notably, Plaintiff has also failed to produce any expert evidence on this question. Plaintiff has only disclosed one expert in this case, an orthopedic surgeon named Dr. Brett Cascio. Dr. Cascio's report and deposition testimony comments only on Plaintiff's alleged injuries. Plaintiff discloses no

---

[40] Id. at 893 – 94.
[41] Id. at 899.
[42] Pl.'s Ans. to Interrog. No. 5. Cited portions of Plaintiff's responses to Target's discovery requests are attached as **Exhibit 7**.
[43] **Ex. 1**, Pl. Dep. 142:19 – 22.

10

expert, and no expert opinions, which allege that Target failed to maintain its premises in a reasonably safe condition.

On the other hand, Target has presented ample evidence of all the steps it took to maintain its premises in a reasonably safe condition. In its answers to interrogatories, Target established that "Target employees are trained and instructed to continually be on the lookout for any conditions on the premises that need attention and correction. Additionally, employees who stock the store are trained and instructed to remove all garbage created by the stocking process from the sales floor before the store opens."[44] Also, Target employee Khadidiatou "Hadija" Ndoye has testified in this case that every section of the store is patrolled every thirty minutes, and that all employees are constantly on the lookout for debris or other substances on the floor and immediately clean up anything that is found.[45] Furthermore, Target employee Jonathan Davis testified in his fact witness deposition that both team members (lower level employees) and team leaders are constantly on the lookout for things like debris and are trained on Target's policy that employees are to pick up any such items as they come across them.[46] Additionally, he solidified that testimony while testifying as a designated corporate representative. In the capacity of a corporate representative, he testified that Target requires its team members to keep an eye out while walking throughout the store for any spills or debris, and to stop and clean any spills or debris they encounter.[47] Still, Plaintiff has presented no evidence, either lay or expert, to challenge that these efforts failed to rise to the level of doing "everything that is reasonable under the circumstances."

---

[44] **Ex. 2**, Target Ans. to Interrog. No. 12, 17.
[45] **Ex. 5**, Ndoye Dep. 9:25 – 10:19; 11:24 – 12:3; 15:24 – 16:12.
[46] **Ex. 3**, Davis Dep. 16:5 – 25.
[47] **Ex. 10**, J. Davis Depo 8:12-25, 9:1-2.

Because there is no "genuine dispute" that Target "maintain[ed] the premises in a reasonably safe condition," no reasonable jury could find in favor of Plaintiff and summary judgment is warranted.[48]

**C.     CONCLUSION**

WHEREFORE, based upon the foregoing, Defendant Target Corporation respectfully requests the Court enter an Order GRANTING summary judgment in its favor.

---

[48] Webb, 413 S.W.3d at 897; Anderson, 477 U.S. at 248.

Respectfully submitted,

*/s/ Richard P. Schiller*
Richard P. Schiller
Megan L. Adkins
SCHILLER BARNES MALONEY, PLLC
1600 One Riverfront Plaza
401 West Main Street
Louisville, KY 40202
(502) 583-4777
(502) 583-4780 (fax)
rschiller@sbmkylaw.com
madkins@sbmkylaw.com
eserviceRPSgroup@sbmkylaw.com
***Counsel for Defendant Target Corporation***

## CERTIFICATE OF SERVICE

It is hereby certified that on the 23rd day of November, 2021, I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Johnny B. Bruce
BRUCE LAW GROUP LLC
1041 Goss Avenue, Suite 2
Louisville, KY 40217
(502) 587-2002
Johnny@injurylaw-ky.com
***Counsel for Plaintiff***

*/s/ Richard P. Schiller*
SCHILLER BARNES MALONEY, PLLC