UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LARRY WOODS,                                                                              Plaintiff,

v.                                                                      Civil Action No. 3:18-cv-855-DJH-CHL

TARGET CORPORATION,                                                                     Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Larry Woods initiated this personal-injury suit against Defendant Target Corporation, asserting that Target's negligence caused him to slip in its store. (Docket No. 1-2) Target now moves for summary judgment. (D.N. 65) For the reasons explained below, the Court will deny the motion.

**I.**

On November 27, 2017, Woods entered a Target store in Louisville, Kentucky, to purchase an Amazon Firestick. (D.N. 65-1, PageID.297) After realizing that the store was out of this item, Woods began walking towards the exit. (*Id.*) As Woods neared the exit, he slipped on a desiccant packet,[1] which was white—like the tiled floor—and slightly bigger than a quarter. (*Id.*, PageID.289–93) Woods's right knee "buckled," though he did not fall to the floor. (*Id.*, PageID.293) According to Woods, a Target employee and another shopper witnessed him slip on the packet, and the employee picked up the packet after Woods pointed it out to him. (*Id.*, PageID.291–93) Woods walked to his vehicle and drove home without incident but experienced pain and swelling in his right leg that evening. (*Id.*, PageID.298–99)

---

[1] A desiccant packet is "a small, teabag-shaped item put into boxes to absorb moisture." (D.N. 65, PageID.262)

1

Woods returned to the store on November 30 and completed an incident report with the help of Target employee Jonathan Davis. (*See* D.N. 65-4) The report states that Woods "was walking toward the door" and "slipped" on a "packet [on] the floor." (*Id.*, PageID.326) Woods listed as injuries his "[r]ight leg and lower back." (*Id.*) Davis later interviewed several employees about the incident, who denied witnessing it (D.N. 65-3, PageID.321–24), and the area where Woods allegedly slipped was outside the view of the store's security cameras. (*Id.*, PageID.324) Woods ultimately sought medical care for his right leg and back and had knee surgery in April 2018. (D.N. 65-1, PageID.309)

Woods filed this action in state court in November 2018, and it was removed to this Court on December 28, 2018. (D.N. 1) Woods claims negligence under state law. (D.N. 1-2) Target previously moved for summary judgment (D.N. 35), which the Court denied without prejudice as premature. (D.N. 55) Target now moves for summary judgment again. (D.N. 65)

**II.**

Summary judgment is appropriate when a movant shows, using evidence in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For purposes of summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). If the nonmovant "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the fact may be treated as undisputed. Fed. R. Civ. P. 56(e)(2)–(3).

To demonstrate negligence under Kentucky law, Woods must show that (1) he "had an encounter with a foreign substance or other dangerous condition on the business premises"; (2)

"the encounter was a substantial factor in causing the accident and the customer's injuries"; and (3) "by reason of the presence of the substance or condition, the business premises were not in a reasonably safe condition for the use of business invitees." *Denney v. Steak N Shake Operations, Inc.*, 559 F. App'x 485, 487 (6th Cir. 2014) (citing *Martin v. Mekanhart Corp.*, 113 S.W.3d 95, 98 (Ky. 2003)). The burden then shifts to Target to establish that it "exercised reasonable care to protect patrons from hazardous conditions." *Kirk v. Wal Mart, Inc.*, No. 2:20-cv-151 (WOB-EBA), 2022 WL 290144, at *2 (E.D. Ky. Jan. 31, 2022) (citing *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 435 (Ky. 2003)).

Target argues that Woods cannot prove that he slipped, or was even present, at its store on November 27, 2017, because no Target employees witnessed or responded to the incident and Target's security cameras failed to capture the area of the store where the incident allegedly occurred. (D.N. 65, PageID.264–67; *see* D.N. 65-3, PageID.321–24) According to Target, Woods's only evidence is his deposition testimony and the incident report that he filled out on November 30, which is insufficient to create a genuine issue of material fact. (D.N. 65, PageID.264–67; *see* D.N. 65-1; D.N. 65-4) But the Sixth Circuit, applying Kentucky negligence law, has found summary judgment inappropriate where the plaintiff "point[ed] to a discrete hazard on the floor." *Denney*, 559 F. App'x at 487–88 (concluding that plaintiff's "competent testimony" about the condition of defendant's floor sufficiently demonstrated a genuine issue of material fact as to whether he encountered a foreign substance or dangerous condition on the premises); *see also Vaughn v. Target Corp.*, No. 3:13-CV-521-H, 2014 WL 4999194, at *3 (W.D. Ky. Oct. 7, 2014) ("Summary judgment is a low bar in a slip-and-fall case where Plaintiff has presented competent testimony to support a prima facie case.")

3

Here, Woods testified that a desiccant packet on Target's floor caused him to slip. (D.N. 65-1, PageID.289–93; *see* D.N. 65-4)  This case is therefore distinguishable from those in which an individual trips but is unable to identify the cause. *See, e.g.*, *Padgett v. Wal-Mart Stores E., Ltd. P'ship*, 731 F. App'x 397, 399 (6th Cir. 2018) (affirming grant of summary judgment where plaintiff inferred that he slipped on a foreign substance because he fell but stated that he did not observe any foreign substances on the floor); *Kirk*, 2022 WL 290144, at *3 (granting summary judgment where plaintiff "testified that she was not sure if she slipped on a substance of any kind"); *Smith v. Steak N Shake*, No. 3:14-CV-00642-TBR-LLK, 2016 WL 4180002, at *3 (W.D. Ky. Aug. 5, 2016) (granting summary judgment where plaintiff "saw no liquid or foreign objects on the floor" when she slipped).  Simply put, Woods's testimony, "standing alone, is sufficient to prevent summary judgment." *Craig v. Steak N Shake, Inc.*, No. 3:17-CV-538-CRS, 2019 WL 3416676, at *4 (W.D. Ky. July 29, 2019) (denying summary judgment where plaintiff testified that he saw French fries in the area where his wife slipped, even though he did not witness her slip and no security footage captured the area where she slipped); *see Denney*, 559 F. App'x at 487 (reversing grant of summary judgment in slip-and-fall case and noting that "weighing evidence is the jury's task, not the Court's"); *Harrell v. Cracker Barrel Old Country Store, Inc.*, No. 6:19-CV-00185-GFVT, 2021 WL 3423545, at *3 (E.D. Ky. Aug. 5, 2021) (denying summary judgment when plaintiff testified that she tripped over a box in defendant's store, even though no employees noticed a box or any other foreign object prior to or following the incident).

Target further contends that Woods cannot demonstrate that it failed to maintain its store in a reasonably safe condition because Woods "has presented absolutely no specific criticisms regarding how Target maintained its premises." (D.N. 65, PageID.270)  To support the contention that it acted reasonably, Target points to its requirement that employees remove any debris they

4

notice on the floor. (*See* D.N. 65-10, PageID.349–50) But whether Target acted reasonably in maintaining its store is an issue best left to the jury. *See, e.g.*, *Harrell*, 2021 WL 3423545, at *4 ("In Kentucky, almost anything can be considered unreasonably dangerous and best reserved for determination by a jury[.]" (collecting cases)); *Webb ex rel. Towe v. Cracker Barrel Old Country Store, Inc.*, No. 1:18-CV-00047-GNS-HBB, 2020 WL 3642265, at *3 (W.D. Ky. July 6, 2020) ("Whether Defendant's policies and procedures actually meet the standard of care and whether Defendant took reasonable steps to ensure that its employees actually followed them are questions for the jury."); *Johnson v. Wal-Mart Stores E., LP*, 169 F. Supp. 3d 700, 706–07 (E.D. Ky. 2016) (concluding that whether defendant used reasonable care in maintaining its premises was a question for the jury). The Court will therefore deny Target's motion for summary judgment. *See Johnson*, 169 F. Supp. 3d at 706–07.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Target's motion for summary judgment (D.N. 65) is **DENIED**. The Court will set a trial date by subsequent order.

June 21, 2022

David J. Hale, Judge
United States District Court

5